USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SBL ENTERPRISES LLC and JOHN SLATER,

Plaintiffs,

-against-

KEYSTONE CAPITAL CORPORATION, FRANK NOCITO, and MALCOLM TAUB,

Defendants.

1:21-cv-4459-MKV

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs filed the Complaint in this action on May 18, 2021. (Compl. [ECF No. 1].) The Court *sua sponte* DISMISSES the Complaint without prejudice for failure to plead subject matter jurisdiction and GRANTS leave to amend.

The Complaint primarily predicates subject matter jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332. (Compl. ¶ 10.) Plaintiffs allege the following: Plaintiff SBL Enterprises LLC "is a North Carolina limited liability company with a principal address [in] . . . North Carolina" (Compl. ¶ 2); Plaintiff John Slater "is an individual resident of the State of North Carolina, with an address [in] . . . North Carolina" (Compl. ¶ 3); Defendant Keystone Capital Corporation "is a corporation based in Connecticut and authorized to transact business in the State of New York, with an address [in] . . . Connecticut" (Compl. ¶ 4); Defendant Frank Nocito "is an individual resident of the State of Connecticut with an address c/o Keystone Capital Corporation [in] . . . Connecticut" (Compl. ¶ 5); and Defendant Malcolm Taub is "an individual resident of the State of New York, with an address c/o Taub & Lewis LLP [in] . . . New York" (Compl. ¶ 7). Plaintiffs claim that the Court has jurisdiction because "the parties consented to jurisdiction within the Courts of the State of New York"; the amount in controversy exceeds

1

$75,000; and "[t]he complete diversity requirement is satisfied because Defendants are residents of Connecticut and New York while Plaintiffs are residents of North Carolina." (Compl. ¶¶ 9–12.)

The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). The plaintiff "must allege a proper basis for jurisdiction in his pleadings," *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), as the Court "must 'review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction,'" *Weiss Acquisition, LLC v. Patel*, No. 3:12–cv–1819 CS, 2013 WL 45885, at *1 (S.D.N.Y. Jan. 3, 2013) (alteration in original) (quoting *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008)).

As an initial matter, while Plaintiffs contend that the Court has jurisdiction "because the parties consented to jurisdiction within the Courts of the State of New York" (Compl. ¶ 9), it is well established that "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . ." *Ins. Corp. of Ireland*, 456 U.S. at 702 (citing *California v. LaRue*, 409 U.S. 109 (1972), *abrogated on other grounds*, *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996)); *see also Ladders, Inc. v. Vindicia, Inc.*, No. 1:20-cv-09008-MKV, 2020 WL 6365557, at *2 (S.D.N.Y. Oct. 29, 2020) (dismissing for lack of subject matter

jurisdiction where plaintiff alleged jurisdiction by reason of forum selection clause in parties' contract); *Scheidemann v. Qatar Football Ass'n*, No. 04 Civ. 3432(LAP), 2008 WL 144846, at *2 (S.D.N.Y. Jan. 15, 2008) ("Parties cannot confer subject matter jurisdiction on a federal court by agreement." (citing *Ins. Corp. of Ireland*, 456 U.S. at 702)); *Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 403–04 (S.D.N.Y. 2000) ("Private parties cannot defeat the subject matter jurisdiction of the federal courts by means of a forum-selection clause, any more than they could, by the same means, confer such jurisdiction on this court in a case in which diversity or a federal question were lacking." (citing *Ins. Corp. of Ireland*, 456 U.S. at 702)).

Because no federal question is presented on the face of the Complaint, the only basis for subject matter jurisdiction is the Court's diversity jurisdiction. *Suarez v. Marcus*, No. 1:20-CV-11051 (LLS), 2021 WL 603048, at *2 (S.D.N.Y. Feb. 12, 2021). Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); and *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)).

An LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties." *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651(JPO), 2013 WL 30673, at *2 (S.D.N.Y. Jan. 3, 2013) (collecting cases); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))). Where a complaint does not plead the citizenship of an LLC party's members, it fails to

plead diversity jurisdiction. *Infinity Consulting Grp., LLC v. American Cybersystems, Inc.*, No. 09-CV-1744 (JS)(WDW), 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010).

A corporation, for diversity purposes, "is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C § 1332(c)(1); and *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). A corporation's principal place of business, or "nerve center," is "the place where the corporation maintains its headquarters," or the corporation's "center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

An individual's citizenship, for diversity purposes, is determined by the individual's *domicile*, not the individual's *residence*. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The terms are not synonymous; "one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47–49 (1989) (first quoting *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961); then citing *District of Columbia v. Murphy*, 314 U.S. 441 (1941); and *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921)). Courts have "long . . . held that a statement of residence, unlike domicile, tells the court only there the parties are *living* and not of which state they are *citizens*." *John Birch Soc v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added) (citing *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389 (1893); and *Realty Holding Co. v. Donaldson*, 268 U.S. 398 (1925)). Accordingly, "it is well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (citing *Leverages Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

Plaintiffs have not met their burden to demonstrate diversity jurisdiction in the Complaint. First, Plaintiffs fail to allege the citizenship of the members of Plaintiff SBL Enterprises LLC, alleging only that this entity is "a North Carolina limited liability company with a principle address [in] . . . North Carolina." (Compl. ¶ 2.) This is insufficient to plead diversity jurisdiction. *See Bodhi Building v. Elmsford Chicken, LLC*, No. 1:21-cv-919-MKV, 2021 WL 466009, at *2 (S.D.N.Y. Feb. 9, 2021) (finding subject matter jurisdiction insufficiently pleaded where plaintiff failed to allege citizenship of members of LLC parties); *Vigilant Ins. Co. v. OSA Heating & Cooling LLC*, No. 3:10-CV-00981 (CSH), 2013 WL 3766596, at *2 (D. Conn. July 16, 2013) (directing plaintiff to provide identities and citizenship of each of LLC defendant's members or face dismissal for lack of subject matter jurisdiction); *Receivables Exch., LLC v. Hotton*, No. 11-CV-0292(JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing *sua sponte* where complaint did not allege citizenship of LLC plaintiff's members); *Laufer Wind Grp. LLC v. DMT Holdings L.L.C.*, No. 10 Civ. 8716(RJH), 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (dismissing action where complaint did not plead the citizenship of any of the LLC parties' members); *In re Bank of America Corp. Secs.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

Second, Plaintiffs fail to allege the citizenship or domicile of Plaintiff John Slater and Defendants Frank Nocito and Malcolm Taub, alleging only their states of *residence* and "an address" of theirs. (Compl. ¶¶ 3, 5, 7.) This, too, is insufficient to plead diversity jurisdiction. *See Canedy*, 126 F.3d at 103 (citing *Leverages Leasing*, 87 F.3d at 47); *see also Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (finding that plaintiffs failed to allege

diversity in complaint because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"); *Sekiguchi v. Long*, No. 3:13-cv-01223 (CSH), 2013 WL 5357147, at *2 (D. Conn. Sept. 25, 2013) ("[W]hile Plaintiff as alleged each party's *residency*, Plaintiff has not established any party's *citizenship* . . . ."); *Jordan v. Verizon Corp.*, No. 08 Civ. 6414(GEL), 2008 WL 5209989, at *4 (S.D.N.Y. Dec. 10, 2008) (finding that plaintiff did not properly allege diversity of citizenship where she "d[id] not make a proper allegation as to her own citizenship" and "allege[d] only residency—not citizenship"); *Fagan v. Deutsche Bundesbanki*, No. 05 CV 10114 (CSH), 2005 WL 3534764, at *1 (S.D.N.Y. Dec. 22, 2005) (alteration omitted) ("Allegations of residence are insufficient to establish diversity jurisdiction. It is well-established that when the parties allege residence but not citizenship, the court must dismiss the suit." (quoting *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1996))).

Third, Plaintiffs fail to allege properly the citizenship of Defendant Keystone Capital Corporation, alleging only that it is "based in Connecticut," "authorized to transact business in the State of New York," and has "an address" in Connecticut. (Compl. ¶ 4.) While "based in" presumably reflects Defendant Keystone's principal place of business, Plaintiffs do not clearly specify Defendant Keystone's state of incorporation. *See Mazzeo v. American States Ins. Co.*, No. 3:14-cv-00361(CSH), 2014 WL 1154530, at *3 (D. Conn. Mar. 21, 2014) (noting that "if Defendant is a corporation, Plaintiff must state with specificity any state in which Defendant is incorporated as well as the State in which it has its principal place of business"). And where Defendant Keystone is "authorized to transact business" in not relevant for diversity purposes. *See Rapid Anesthesia Sols., P.C. v. Hajjar*, No. 17-CV-4705 (KAM)(LB), 2019 WL 263943, at *3 (E.D.N.Y. Jan. 18, 2019) (finding failure to establish citizenship of the corporate parties where plaintiffs "d[id] not state the state(s) of incorporation, headquarters, or the principal place of

business of any of the corporate entities, instead referring to the states where the entities are 'licensed' or 'authorized' to conduct business"); *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F. Supp. 2d 279, 282 (S.D.N.Y. 1999) (noting that the fact that a corporation is authorized or licensed to do business in the state does not make it a citizen of that state for diversity purposes). Accordingly, Plaintiffs have failed to plead the citizenship of Defendant Keystone.

Because the Court lacks subject matter jurisdiction, the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory." (citing *Arbaugh*, 546 U.S. at 514)). And because the Court raised the issue of subject matter jurisdiction *sua sponte*, the Complaint is dismissed without prejudice and with leave to amend to cure the jurisdictional defects described above. *See, e.g.*, *Minard v. Pareto Partners*, No. 04 Civ. 741(CSH), 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse.").

Plaintiffs shall file an Amended Complaint on or before **June 19, 2021**. Failure to file an Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend.

**SO ORDERED.**

Date: **May 19, 2021**
**New York, NY**

*Mary Kay Vyskocil*

**MARY KAY VYSKOCIL**
**United States District Judge**