USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SBL ENTERPRISES LLC and JOHN SLATER,

    Plaintiffs,

-against-

KEYSTONE CAPITAL CORPORATION, FRANK NOCITO, and MALCOLM TAUB,

    Defendants.

1:21-cv-4459-MKV

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

    On May 18, 2021, Plaintiffs filed the Complaint, invoking the Court's diversity jurisdiction. [ECF No. 1.] On May 19, 2021, the Court *sua sponte* dismissed the Complaint without prejudice and with leave to amend for failure to plead subject matter jurisdiction. [ECF No. 9.] The Court clearly outlined the various pleading defects with respect to subject matter jurisdiction: the parties' consent cannot confer subject matter jurisdiction on the Court; Plaintiffs failed to allege the citizenship of the members of Plaintiff SBL Enterprises LLC; Plaintiffs failed to allege the citizenship or domicile of Plaintiff John Slater and Defendants Frank Nocito and Malcolm Taub; and Plaintiffs failed to allege properly the citizenship of Defendant Keystone Capital Corporation, specifically its state of incorporation. [*See id.* at 2–7.] The Court directed Plaintiffs to file an Amended Complaint on or before June 19, 2021, and warned that "[f]ailure to file an Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend." [*Id.* at 7.]

    On May 20, 2021, Plaintiffs brazenly filed an Amended Complaint that is identical to the original Complaint in all respects except for paragraph 4, where Plaintiffs allege that Defendant Keystone Capital Corporation maintains its principal place of business in Connecticut [*compare*

1

ECF No. 10 ¶ 4, *with* ECF No. 1 ¶ 4]—a fact the Court presumed based on the earlier allegation that Defendant Keystone is "based in Connecticut" [ECF No. 9 at 6].

Plaintiffs' Amended Complaint suffers from the same fatal defects as the original Complaint for the reasons stated in the Court's Order dated May 19, 2021. [*See generally* ECF No. 9.] Because the Court lacks subject matter jurisdiction, the Amended Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Because Plaintiffs were aware of the pleading deficiencies with respect to subject matter jurisdiction when they first amended by reason of the Court's May 19 Order and failed entirely to cure—or even attempt to cure—those deficiencies, the Court declines to grant further leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018); *Taylor v. Children's Vill.*, No. 20-CV-10997 (CS), 2021 WL 1581568, at *5–6 (S.D.N.Y. Apr. 21, 2021).

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction. The Clerk of Court is respectfully requested to close the case.

**SO ORDERED.**

Date: July 1, 2021  
New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**